# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY



**BreShey Johnson**

**Plaintiff,**

**Vs.**

THE CITY OF PATERSON, Officer Levis Qirjako, in his personal capacity, Officer Elbruz Dagistanli, in his personal capacity.

**Defendant**

**Civil Action No.:** 2:21-cv-19907- JXN-JSA

**AMENDED COMPLAINT**

## AMENDED COMPLAINT

I BreShey Johnson, The Plaintiff in the above matter, file this Amended Complaint against The City Of Paterson, Officer Levis Qirjako, in his personal capacity, and Officer Elbruz Dagistanli, in his personal capacity and state and allege the following:

Basis of Jurisdiction: Federal question. Nature of suit: 440 other civil rights. Cause of action: U.S Civil Statue: 42 U.S.C 1983. Excessive force, malicious prosecution, bystander liability, the right to due processing, the use of cruel punishment during detention, failure to provide medical care

The events given rise to my claim occurred at 651 e 33rd street Paterson NJ and Paterson Police Department, 111 Broadway. The Events giving rise to my claims occurred at approximately 1:00 am – 4:00 am on March 12, 2020.

On march 11 2020 between the hours of 11pm and 1230 am the following morning, Me and my ex girlfriend, Symone Rodgers, got into a disagreement inside her house at 651 e 33rd st, in Paterson, NJ. Shortly after we exited the house and headed to Symone's car. As the arguing continued Symone Rodgers's mother, Alvinette Rodgers, comes outside and yells across the parking lot that she's calling the police on me. At this point I walk away, call an Uber and wait for the Uber to arrive to take me home. The Uber and the police arrive at the same time. As I open the Uber's door to get inside officer Levis Qirjako pulls me away from the uber, pushes be up against the police car and search my body. I was immediately arrested afterward around 1:00....2:00am on Thursday March 12 2020 in Paterson New Jersey by officer Levis Qirjako. I was never read my rights nor told what I was being arrested for. The arresting officer placed me in the police vehicle immediately and then left me alone in the vehicle for 10-15 minutes while

he spoke to Symone and her mother, Alvinette Rodgers. At no point did I resist arrest, physically or verbally threaten the officers, nor did I attempt to flee.

Officer Elbruz Dagistanli took a statement from Symone in which he and Alvinette pressured her to make. Officer Elbruz Dagistanli promised Symone that I would be released in a couple of hours if she made a statement. Symone signed off on the paperwork that she did not want to press charges against me. Once officer Qirjako and officer Elbruz Dagistanli entered the vehicle to take me to Paterson's police station, they begin making rude remarks. Once inside of the police station I was verbally abused about my race and sexuality.

Still in handcuffs, before processing, Officer Qirjako began swinging me by my arms into a wall and bench. He bust my lip open, bruised my cheek bones/forehead and the rest of my face. I was grabbed and swung multiple times by my right arm, 3 times on my left. I was not violent, nor was I non compliant.

Once Officer Elbruz Dagistanli finally begun processing me he told me that "people like me make his job harder and I need to stop crying before I get roughed up some more and no one will save me". There was a Latino female officer with black hair and a long ponytail who entered the room I was getting my fingerprints record in and I cried out to her but she just looked at me and never said anything at all while the male officers mistreated me. I was denied medical treatment, put inside a cell with a bleeding lip, mouth and no toilet paper. The officers refused my many request for toilet paper. I was forced to sit with feces on me for hours. I suffered from swelling all over my body and my right arm was not fully functional for months, preventing me from working. Now there are sharp pains in my right shoulder anytime I use my shoulder for too long. I was ignored and in pain my entire stay at Paterson precinct. None of the Defendant Officers ever had a reasonable fear of imminent bodily harm, nor did they have a reasonable belief that any other person was in danger of imminent bodily danger from myself at any point in time.

Approximately 5-6 hrs passed before I was transported to Passaic County. Upon my arrival to Passaic County, my bruises were immediately noticed. The My mugshot taken of me at Passaic County shows the swelling of my face and lips. I was sent to the medics at Passaic County and given medication as-well as bags of ice for swelling.

The day following my release from Passaic County I went to a CityMd for my pain. I was diagnosed with head trauma, facial trauma and an arm injury. The doctor was concerned for facial fracture and I was instructed to go to the Er immediately.

## Count I– 42 U.S.C. §1983 – Fourth Amendment Violations

***Plaintiff v.*** ***THE CITY OF PATERSON, Officer Levis Qirjako, in his personal capacity, Officer Elbruz Dagistanli, in his personal capacity.***

Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein. The conduct by the officers identified in this count and described herein

constituted excessive force in violation of the Fourth Amendment of the United States Constitution. At all times, Defendants Levis Qirjako, and Elbruz Dagistanli were each acting under color of state law, as agents of Paterson, and within the scope of their employment and authority as duly-certified law enforcement officers of the City of Paterson. Levis Qirjako did not have a reasonable fear of imminent bodily harm when he constantly swung me into a wall and bench nor did Qirjako have a reasonable belief that any other person was in danger of imminent bodily danger from myself. Using force against a compliant, handcuffed individual who is not resisting arrest constitutes excessive force in violation of the Fourth Amendment. Furthermore there was a discrepancy in the police report. Levis Qirjako wrote a false report while in his official position with the intent to lie. Levis Qirjako wrote misinformation while knowing it was false regarding a material matter. Levis Qirjako did Not Have Probable Cause to Support the Original Case and initiated said case with Sheer ill will in a malicious prosecution. Officer Levis Qirjako is responsible for the continuation of the baseless case which was eventually dismissed by the court.

## Count II – 42 U.S.C. §1983 – Monell Liability

**Plaintiff v. THE CITY OF PATERSON**

Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein. There were several police officers at the police station that watched as Levis Qirjako constantly swung me into a wall and bench. Every single officer ignored my obvious medical distress. There was not even one officer who intervened. The several officers refused to interfere as they watched along and listened to my cries of help because nothing was obviously wrong. Several officers being on the same page demonstrated unconstitutional customs, practices and a pattern of excessive force. Each of the Officers had a duty to intervene on behalf of a citizen whose constitutional rights were being violated in their presence by another officer. As a result of the failure to intervene by officers, I suffered physical injuries requiring medical treatment and total disability. Annual reports filed by the Paterson police department showed that the internal affairs division disposed of 93 excessive force complaints against city police officers from 2015 through 2019 and found that an officer did something wrong in one case, a rate of just about 1%. During the past three years prior to April 29,2021 the U.S. Attorney obtained criminal convictions against at-least seven other Paterson officers. In March of 2022 a two year long audit of Paterson's police force was completed by the Police Executive Research Forum. The audit said the Paterson department had out of date procedures, command structure and policies, including use of force, that are out of date. The audit of the Paterson police force found the department has issues with training and needs to improve its use of force policies. The unconstitutional policies, practices, and customs defined herein were the moving force behind my injuries. As a direct and proximate result of these wrongful acts and omissions, I suffered lost wages, reduced earning capacity, pain and suffering, the loss of liberty from the civil rights violations resulting from the effects of the physical, psychological and mental conditions caused by the defendants.

**Count III – 42 U.S.C. §1983 – Canton Liability**

**Plaintiff v. The City of Paterson**

Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein. Paterson failed to properly train or modify its training to Defendant Officers and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests, and intervention in the excessive use of force by fellow officers.Excessive force is a usual and recurring situation with which Minneapolis law enforcement officers and other agents encounter on a regular basis. As such, Paterson was aware of a need for more and different training. Minneapolis specifically knew that its officers needed training regarding the use of prone restraint and was required to provide its officers with such training. Patersonwas aware that deprivation of the constitutional rights of citizens was likely to result from its lack of training and the failure to modify its training. The failure to train and/or to appropriately modify training constituted official Paterson policies, practices, or customs. Minneapolis's failure to train and/or to modify training was behind the acts and omissions the Defendant Officers made toward me. As a direct and proximate result of Paterson's acts and omissions, I suffered injuries, experienced pain and suffering. As a direct and proximate result of these wrongful acts and omissions, I suffered lost wages, reduced earning capacity, pain and suffering, the loss of liberty from the civil rights violations resulting from the effects of the physical, psychological and mental conditions caused by the defendants.

.

**Count IV – 42 U.S.C. §1983 – Eighth Amendment Violations**

***Plaintiff v. THE CITY OF PATERSON, Officer Levis Qirjako, in his personal capacity, Officer Elbruz Dagistanli, in his personal capacity.***

Plaintiff hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein. Levis Qirjako's unconstitutional, unnecessary and unprovoked infliction of pain done to maliciously cause me harm was a violation of my eighth amendment. Paterson Police Officers acted maliciously and sadistically to punish punish me by not providing me with toilet paper. Every Paterson Officer on duty the morning of my arrest deliberate indifference to my serious illness or injury constitutes cruel and unusual punishment under detention which violate the Eighth Amendment. I was denied medical attention. As a direct and proximate result of these wrongful acts and omissions, I suffered lost wages, reduced earning capacity, pain and suffering, the loss of liberty from the civil rights violations resulting from the effects of the physical, psychological and mental conditions caused by the defendants.

**INJURIES**

I suffered from a Right shoulder and elbow injury. I was diagnosed with Multiple trauma including head injury, facial trauma, tenderness and swelling to left maxilla. There was also a concern for facial fracture. I suffered from swelling all over my body and my right arm was not

fully functional for months, preventing me from working. Now there are sharppains in my right shoulder anytime I use my shoulder for too long. At the hospital, I was given acetaminophen, a sling to wear for my right arm and shoulder, I underwent a cat scan and received a Therapy Prescription Certificate of Medical Necessity for gait training. I was diagnosed with bursitis of right shoulder and pain in right elbow.

## RELIEF

I am seeking monetary damages for compensation as well as punitive damages from defendants, The City of Paterson, Officer Levis Qirjako, in his personal capacity, Officer Elbruz Dagistanli, in his personal capacity in the amount of two million dollars ($2,000,000) with interest from the date of judicial demand until paid, for all cost of these proceedings, lost wages, reduced earning capacity, pain and suffering, the loss of liberty from the civil rights violations resulting from the effects of the physical, psychological and mental conditions caused by the defendants and for any and all other legal and equitable relief to which i may be entitled. And, I pray for general relief. I am also requesting a jury trial.

## CERTIFICATIONS

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 6th day of April, 2022

Signature of Plaintiff

Mailing Address: 105 e 34 st suite 130
City, State, Zip: New York, New York 10016
Phone: 9173125066
E-Mail: BresheyJohnson@gmail.com
Attorney No.: 9173125066

Signature of Plaintiff